Two points present themselves in this discussion:
First, whether the conveyance of the negroes be fraudulent.
Secondly, a more complete view of the settlement by the County Court.
In relation to the first, I feel much difficulty, arising principally from a comparison of the cases of Bethel v. Stanhope, Croke Eliz. 810, and Hawes v. Leander, Croke Jac. 271. At this moment I feel it difficult to reconcile them. Roberts on Fraud. Conv. 593, 594, has pointed out these two cases, but did not notice any inconsistency in them.
Where personal property is conveyed and delivered, to be fraudulent, it must be with a view to defraud some existing creditor, and, if fraudulent as to him, it will be so as to subsequent creditors. But, upon general principles, it is otherwise where the individual keeps possession after the bill of sale, — that would be a fraud in itself upon subsequent creditors or purchasers, unless the registration of the bill of sale takes the case out of that rule. Independent of the Act of 1801, c. 25, § 2, I am inclined to think that registration is not sufficient to withdraw from it an imputation of fraud, unless notoriety *Page 304 
accompanied the transfer. Since that act, it might seem that the law were otherwise. Gordon states that the deceased said there were unjust demands against him; this is not sufficient to prove that there were legal or just demands against him, — some existing debt ought to be proved.
If the jury should be of opinion that the deceased owed debts at the time of the bills of sale, which he meant to defeat, the conveyance will be fraudulent and void, and if we take the case of Bethel v. Stanhope as our guide, the negroes will be considered as a part of the estate of the deceased in the hands of the administrator, and he would be liable for their value. He was by no means clear, however, that it were legal to make the administrator liable, when the property never came to his hands, and even if it did, and he should deliver it under a bill of sale of the deceased, it seems questionable whether he would in that case.
As it respects the settlement by the County Court, it appears that the nature of the debts paid is not stated in the settlement, whether by judgment, bonds, or otherwise. It occurs as being conformable to legal principles that this settlement should be considered as primâfacie evidence of payment in a due and regular course of administration. The County Court had competent authority to make the settlement, and we must presume it was correctly done.[1]
Godolphin, 150, says that the executor or administrator ought to give notice of the time and place of such settlement to the creditors, when they would be bound by it. It has not been the practice in this State to give notice, and in fact the administrator may not know who the creditors are or where they live.
If the plaintiff had, previously to the settlement, given notice to the administrator of his bond, it would then be incumbent on him to prove on what account these payments were made. Under the plea ofplene administravit, the onus probandi lies on the defendant, and if he fail in proving disbursements to the amount of the inventory of sales, his plea is false, and judgment must be for the plaintiff, unless he *Page 305 
excuse himself by showing that some of the debts arising on the sales were lost without his fault.[2]
CAMPBELL, J., concurred.
POWELL, J., being employed, did not sit.
ORIGINAL NOTE. — Upon consideration of the case Bethel v. Stanhope, Croke Eliz. 810; I am well satisfied that the second resolution is not law, unless it be upon the ground that an executor de son tort can be rendered liable with respect to goods when a rightful one cannot. The case of Hawes v. Leander, Cro. Jac. 271, is believed to accord with reason and legal principles. If a man make a fraudulent gift by deed, and dies, the property being in his possession at the time of his death, and the donee take them, or the administrator give them up on the authority of the bill of sale, it surely would not be a devastavit.Vide 1 Esp. 335; 7 Johns. 161, and authorities referred to in the margin of the case of Hawes v. Leander, the last edition of Croke. The remedy should be against the donee, who may be sued as an executorde son tort. 11 Vin. Ab. 219, 2 T. 587.
NOTE. — It was the settled law of this State, by a series of decisions, that a fraudulent conveyance by the decedent was as binding upon the personal representative, as upon the decedent himself, so that he could attack the conveyance neither at law nor in equity, 4 Hay. 297; 3 Hum. 567; 6 H. 131 and 160. But now by 1852, 283, 4 and 48, carried into the Code 2395, the personal representative, when the estate is insolvent, may subject property fraudulently conveyed to the payment of debts, by bill. Boxleyv. McKay, 4 Sn. 286.
[1] See 4 Hen. Mun. 57, 253, 428.
[2] 1 Johns. 277; 3 Wils. ed. Bac. Ab. 80; 1 Bay, 463.